AO 106 (Rev. 01/09) Application for a Search Warrant

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
NOV 1 2 2021
JULIA C. DUDLEY, CLERK
BY: A. Meade
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

In the Matter of the Search of )
*(Briefly describe the property to be searched or identify the person by name and address)* )
13303 Fitzgerald Lane )
Glade Spring Virginia )

Case No. 1:21mj134

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the ___Western___ District of ___Virginia___ *(identify the person or describe property to be searched and give its location):* 13303 Fitzgerald Lane, Glade Spring, Virginia - to include the residence, curtilage, garages, outbuildings, campers, person of William Rex Lester Jr., and vehicles present owned/operated/controlled by William Rex Lester Jr. Attachment A consists of a photograph of the residence.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized):* See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of ___21___ U.S.C. § ___846/841(a)(1)___, and the application is based on these facts: See Attachment C   and/or   841(a)(1)

☑ Continued on the attached sheet.

☐ Delayed notice of ___ days (give exact ending date if more than 30 days: ___ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Brian Snedeker, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/12/21

_____
*Judge's signature*

City and state: Abingdon, Virginia

Pamela Meade Sargent, USMJ
*Printed name and title*

# ATTACHMENT A



13303 Fitzgerald Lane, Glade Spring, Virginia

ATTACHMENT B

1. Methamphetamine distribution paraphernalia including (but not limited to) scales, cutting material, plastic baggies, wrapping material; devices used to communicate with other drug traffickers/co-conspirators including cellular telephones; electronic equipment used for counter-surveillance to include video surveillance systems and related DVRs (digital video recorders), scanners, and anti-bugging devices.

2. Books, records, ledgers, notes, and videos pertaining to the illicit distribution, purchasing, and transporting of methamphetamine.

3. Messages, letters, telephone numbers, and addresses relating to customers, suppliers, and other co-conspirators involved with the illicit distribution, purchasing, and transporting of methamphetamine. These messages, letters, telephone numbers, and addresses may be written on personal calendars, personal address and /or telephone books, notebooks, loose pieces of paper, and found in mail.

4. Photographs and videos depicting methamphetamine, drug distribution paraphernalia, substantial assets, co-conspirators, and persons with methamphetamine,

5. Books, ledgers, receipts, bank statements, cashier's checks, and other items evidencing the acquisition, secreting, transferring and/or concealment of assets or the expenditure of narcotics proceeds.

6. Items or articles of personal property tending to show ownership, dominion, or control of the premises/property/vehicles. Such items or articles include (but are not limited to) personal identification, personal correspondence, diaries, checkbooks, notes, photographs, keys, receipts, mail, personal telephone and address books, videos, and motor vehicle related documents (titles/registrations).

7. Large amounts of currency (exceeding $1000.00) or readily transported assets which are used as cash equivalents (cashier's checks, prepaid money/credit cards, money orders, etc.)

8. Items listed in Paragraphs 2 through 6 may be stored in digital media. Therefore, digital media (including but not limited to computers/computer hard drives, digital video recorders (DVRs), floppy disks, CD's, flash/jump drives, personal digital assistants (PDA's), cellular telephones/smartphones, digital cameras, iPODs, iPADs, etc.) are to be seized and examined for the items listed in Paragraphs 2 through 6.

ATTACHMENT C

AFFIDAVIT of
Special Agent Brian Snedeker
Drug Enforcement Administration
Bristol, Virginia

1. I, Special Agent Brian Snedeker, being duly sworn hereby depose and say:

2. The purpose of this application and affidavit is to secure a search warrant for methamphetamine distribution/conspiracy related documentary evidence and equipment/supplies on the premises known as 13303 Fitzgerald Lane, Glade Spring, Virginia. This affiant, after obtaining and reviewing information, believes there is evidence of distribution of methamphetamine and/or conspiracy to distribute methamphetamine at 13303 Fitzgerald Lane, Glade Spring, Virginia in violation of 21 U.S.C. §§ 841(a)(1) and 846/841(a)(1).

3. I am a Special Agent with the Drug Enforcement Administration (DEA) and have been so employed for approximately (30) years. During my employment I have received comprehensive classroom training from the DEA in specialized narcotic investigative matters including but not limited to drug interdiction, drug detection, money laundering techniques and schemes, smuggling, and the investigation of individuals and organizations involving the smuggling, cultivation, manufacturing, and illicit trafficking of controlled substances and controlled substance precursors. I have participated in the investigations and subsequent arrests of hundreds of individuals involved with the trafficking of methamphetamine (a Schedule II controlled substance). I have also executed hundreds of search warrants related to the trafficking and manufacturing of methamphetamine.

4. The facts set forth in this affidavit are known to me as a result of my participation in the investigation of Ralph Phillips Jr. (hereafter referred to as "Ralph Phillips") and William Rex Lester Jr. (hereafter referred to as "William LESTER"), my training and experience, and information provided to me by other law enforcement officers.

5. William LESTER was arrested within the Western District of Virginia during March 2021 and charged (state charges) with conspiracy to distribute a Schedule I or II controlled substance (specifically methamphetamine) and distribution/possession with intent to distribute a Schedule I or II controlled substance (specifically methamphetamine). William LESTER was subsequently released (and remains) on bond. After his release, law enforcement enlisted William LESTER to conduct multiple controlled purchases (monitored, recorded, and surveilled by law enforcement) of methamphetamine from Ralph Phillips.

6. On the afternoon of July 16, 2021, a federal search warrant was executed at the residence of Ralph Phillips in Abingdon, Virginia. Approximately (1) pound of methamphetamine (along with over $30,000 United States Currency) was seized from the residence during the execution of the search warrant. While the search warrant was being executed, law enforcement noticed William LESTER drive by the

residence. During the late afternoon/evening of July 16, 2021, William LESTER called a law enforcement officer and advised said officer that he was in possession of methamphetamine he had obtained from Ralph Phillips. Law enforcement subsequently retrieved (with William LESTER's cooperation) approximately (3) ounces of methamphetamine (a distribution/re-distribution quantity – not a quantity consistent with being a "user quantity") from William LESTER during the evening of July 16, 2021. William LESTER told the officer recovering the methamphetamine that he had obtained the methamphetamine from Ralph Phillips the preceding night. In other words, while William LESTER was working with law enforcement to conduct controlled purchases, he covertly (without law enforcement's contemporaneous knowledge) purchased/obtained at least one distribution quantity of methamphetamine from Ralph Phillips.

7. As a result of the controlled purchases involving Ralph Phillips and William LESTER, law enforcement is aware and possesses records of multiple telephonic contacts (text messaging and/or cellular telephone calls) between Ralph Phillips and William LESTER during the months leading up to the execution of the search warrant at Ralph Phillips residence. Some of the aforementioned telephonic contacts involve methamphetamine trafficking related communications.

8. On October 18, 2021, law enforcement followed a known fugitive as he departed William LESTER's residence at 13303 Fitzgerald Lane, Glade Spring, Virginia. The fugitive was subsequently captured after a motor vehicle chase. A loaded handgun and digital scales (drug distribution paraphernalia) were found inside of the vehicle the fugitive had been operating (the fugitive was the operator and sole occupant of the vehicle). The fugitive subsequently waived his rights and agreed to speak with law enforcement officers. The fugitive admitted to being a multi-kilogram methamphetamine trafficker.

9. This affiant is aware based on his training, experience, and conversations with other law enforcement officers that individuals who distribute and/or conspire to distribute methamphetamine typically maintain methamphetamine, methamphetamine distribution paraphernalia (small, plastic, Ziploc-type baggies, digital scales, etc.), notes, records, messages, and telephone numbers (pertaining to methamphetamine trafficking related contacts/co-conspirators/customers), and other items as listed and explained on Attachment B (of the Application for a Search Warrant to which this affidavit is attached) on their persons, inside their residences (and related garages, outbuildings/barns, campers), inside their vehicles, and inside of vehicles registered to other persons when those vehicles are parked at the trafficker's/conspirator's residence. As to distribution paraphernalia and notes, records, and the like, this affiant is aware based upon his training and experience, that that methamphetamine traffickers/co-conspirators often maintain such materials at the aforementioned locations for extended periods of time (days, weeks, and months).

10. William LESTER's known residence is 13303 Fitzgerald Lane, Glade Spring, Virginia.

11. Based upon the facts set forth above, I believe there is probable cause for the issuance of a search warrant for the premises known as 13303 Fitzgerald Lane, Glade

Spring, Virginia (located within the Western District of Virginia) as there is probable cause to believe that there is evidence of a violation of 21 USC §§ 841(a)(1) and 846/841(a)(1) at said premises.

_____   \_\_11-12-2021\_\_
Brian Snedeker, Special Agent (DEA)   Date

Subscribed and sworn to before me, this the \_\_12th\_\_ day of November 2021 in Abingdon, Virginia.

_____
Pamela Meade Sargent
United States Magistrate Judge
Western District of Virginia

Reviewed by:

s/ Whitney D. Pierce   Nov. 12, 2021
Assistant United States Attorney   Date